Matter of the Application of EDWARD F. BOYLE and Others, Constituting the Board of Elections for the City of New York, for a Writ of Mandamus against FRANCIS M. HUGO, Secretary of State.

(Supreme Court, Albany Special Term, December, 1917.)

Election Law — amendment of section 513 — board of elections — statutes — disposition by secretary of state of official war ballots — Laws 1917, chap. 815, § 5.

Mandamus — application for peremptory writ denied — to compel secretary of state to transmit war ballots.

The statute (Laws of 1917, chap. 815, § 5), amending section 513 of the Election Law with respect to the disposition by the secretary of state of the official war ballots in his custody which have been voted in the recent election by the soldiers and sailors in the United States service in the present war, being silent as to when the secretary shall transmit said ballots to the boards of elections, leaves him with a wide discretion as to when he shall make such transmission, provided he transmit the ballots in time to have them properly canvassed.

Where, upon an application for a writ of peremptory mandamus to compel the secretary of state to forthwith transmit to the various counties in the city of New York the official war ballots above mentioned, it appears that all of such ballots have not yet been received by him and that it is his purpose to transmit all such ballots as soon as he can, not later than December 7, 1917, and it also appears that he has voluntarily furnished to the board of elections in New York city an unofficial tabulated statement containing all the information indorsed upon the envelopes containing such ballots, and it is not shown that he has omitted to discharge any duty imposed upon him by law in respect to them, the application will be denied.

APPLICATION for a peremptory writ of mandamus.

Lamar Hardy, corporation counsel, and George P. Nicholson, assistant corporation counsel, for relators.

Supreme Court, December, 1917.      [Vol. 101.

Merton E. Lewis, attorney-general, and Arthur E. Rose, deputy attorney-general, for defendant.

CHESTER, J.   The relators by this application seek a peremptory writ of mandamus to compel the secretary of state to transmit forthwith to the various counties within the city of New York the official war ballots in his custody, some 30,000 in number, which have been voted in the recent election by soldiers and sailors in the United States service in the present war and which have been transmitted to him.

The claim of the relators is that it is necessary that these official war ballots be now transmitted to the board of elections in New York in order that it may, as required by law, separate the ballots among the various election districts so that the election officers in the various polling places may be convened for the purpose of making a proper canvass of such ballots on December eighteenth, next.   By the secretary's return it appears that all of the ballots voted by soldiers and sailors of the United States at the recent election have not yet been received by him, and that it is his purpose to transmit all ballots as soon as he can do so, and not later than December seventh.   It also appears that he has voluntarily furnished to the board of elections in New York an unofficial tabulated statement containing all the information indorsed upon the envelopes containing such ballots, so as to facilitate the board of elections in performing the duties incumbent upon it under the law.

The amendment to the Election Law in relation to voting by soldiers and sailors and the canvass of war ballots, passed at the extraordinary session of the legislature in 1917 (Laws of 1917, chap. 815), makes provision in section 5, which amends section 513 of the Election Law, with respect to the disposition of

such envelopes and ballots and fixes the duty of the
secretary of state concerning them.   Section 513 as
amended provides among other things that the secre-
tary of state shall prepare from the poll books
delivered to him by the governor and from the
envelopes containing the ballots a separate statement
for each county under his official seal, in which shall
appear all the information required by law to be
entered in such poll books concerning the voters'
residence in their respective counties.   It also pro-
vides that the secretary '' shall affix his seal of office
to each such envelope and shall transmit such state-
ment with all the envelopes containing ballots of such
voters resident in such county '' to the respective
boards of elections in the counties of the state.   The
statute also makes it incumbent upon the board of
inspectors in any election district wherein any such
ballots are to be canvassed to convene at the place
where the election was held on the sixth Tuesday after
the election day at ten o'clock in the forenoon to can-
vass such votes.   The sixth Tuesday after the recent
election falls on December eighteenth.   The statute is
silent as to *when* the secretary shall transmit these
ballots to the boards of elections, but it is clear from
the law that they must be transmitted in time to have
the respective boards of elections perform the duties
incumbent upon them, prior to the time when the
several boards of inspectors in the election districts
are required to canvass the votes.   Manifestly the
secretary cannot transmit the ballots until they are
received, and it is conceded that all have not yet been
received, but their receipt is expected within a day or
two or within a few days.   The statute has left a
wide discretion in the secretary of state as to when
he shall make such transmission, providing, of course
he transmits the ballots in time to have them properly

Supreme Court, December, 1917.    [Vol. 101.

canvassed. It may be that the reason why the legislature failed to fix the time in the statute when the secretary should transmit the ballots was caused by the fact that they are cast by soldiers and sailors in various parts of the world and on various vessels on the sea, remote from this state, and that the time of their return would necessarily be uncertain. The secretary has furnished all the information to the relators in this case that they would have if the envelopes containing the ballots were in their hands. This includes the number of the elector, his name, his residence, including the street and number, if any, his county, his city or town and the designation of his command. This information has been furnished in an effort to aid the relators in the prompt discharge of the duties incumbent upon them and not because the secretary was required to furnish it by any provision of the statute. It cannot be assumed that the secretary would delay the transmission of the ballots to so late a date as to defeat the purpose of the law.

It is well settled that mandamus will not lie except to compel the discharge by a public officer of a duty clearly imposed upon him by law nor can a discretion reposed in an official be controlled by mandamus. No authorities need be cited in support of these elementary principles. The secretary being clearly charged with the exercise of a discretion, as I have pointed out, in respect to the time when he should transmit these ballots and it not having been shown that he has yet omitted to discharge any duty imposed upon him by law in respect to them, this application must be denied.

Application denied.